**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ANGELIQUE KENNEY,

                    Plaintiff,

    v.

PALOMAR HEALTH, *et. al*,

                 Defendants.

Case No. 25-cv-03147-BAS-AHG

**ORDER:**
    **(1) GRANTING PLAINTIFF'S MOTION TO REMAND (ECF No. 6);**

    **(2) VACATING AS MOOT DEFENDANTS' MOTION TO CHANGE VENUE (ECF No. 5); AND**

    **(3) VACATING AS MOOT DEFENDANTS' MOTION TO DISMISS (ECF No. 10)**

Pending before the Court are a motion to remand submitted by Plaintiff Angelique Kenney (ECF No. 6), a motion to change venue submitted by Defendants Matthew Cote, M.D., Palomar Emergency Physicians, Inc (ECF No. 5), and a motion to dismiss submitted by Defendant Palomar Health (ECF No. 10).

For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to remand (ECF No. 6) and **VACATES AS MOOT** Defendants' motions to change venue (ECF No. 5) and to dismiss (ECF No. 10).

**I.    BACKGROUND**

- 1 -

25cv3147

On September 24, 2025, Plaintiff filed a complaint in the Superior Court of California, County of San Diego on September 24, 2025, raising causes of action for: (1) negligence per se based on the California Penal Code §§ 13823.5–13823.95; (2) unfair competition law (Cal. Bus. & Prof. Code § 17200); (3) failure to train or supervise under California's Sexual Assault Response Team ("SART") Program (California Penal Code §§ 13898 *et. seq*). (*See* ECF No. 1-2 ¶¶ 39–56.) On November 13, 2025, Defendants removed the state action to this Court. (ECF No. 1.)

Defendants Matthew Cote, M.D., Palomar Emergency Physicians, Inc. then moved to transfer this case to the Central District of California. (ECF No. 5.) Plaintiff filed a motion to remand the case to back to the Superior Court of California, County of San Diego. (ECF No. 6.) Defendant Palomar Health then filed a motion to dismiss. (ECF No. 10.) Parties filed responses and replies to Plaintiff's motion to remand (ECF Nos. 8, 9). Parties also filed responses and replies to the motion to transfer (ECF No. 5).

Most recently, on January 21, 2026, the Court granted Parties' joint motion for extension of time pending resolution of Plaintiff's motion to remand. (ECF No. 14.)

In this Order, the Court resolves Defendants' motion to transfer venue (ECF No. 5), Plaintiff's motion to remand (ECF No. 6), and Defendants' motion to dismiss (ECF No. 10.)

## II.    MOTION TO REMAND (ECF No. 6)

### A.    Legal Standard

"A civil action in state court may be removed to federal district court if the district court has 'original jurisdiction' over the matter." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). "A motion to remand is the proper procedure for challenging removal." *See N. Cal. Dist. Council of Laborers v. Pittsburgh–Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the propriety of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a plaintiff challenges a defendant's

- 2 -

removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### B.      Discussion

Federal courts have "original jurisdiction" over cases based on either federal question or diversity subject matter jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Here, neither party asserts the Court has diversity subject matter jurisdiction over the current case. (*See* ECF Nos. 6, 8.) Thus, the Court evaluates whether it has federal question jurisdiction over the action.

Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

The "substantial federal question doctrine" allows federal courts to hear "certain claims recognized under state law 'that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.' " *Newtok Village v. Patrick*, 21 F.4th 608, 618 (9th Cir. 2021) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). This standard is met "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251,

25cv3147

258 (2013). Only a "special and small category" of cases will meet all four requirements, *id.* (quoting *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)), and not every case that "embrac[es] a point of federal law" is removable, *Grable*, 545 U.S. at 314; *see also City of Oakland*, 969 F.3d at 904 ("Only a few cases have fallen into this slim category."). *Grable* provides a narrow exception to the ordinary rule that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

The substantiality inquiry looks to the "importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. For example, in *Grable*, this standard was met because the only true issue in the case was the interpretation of a federal statute. *Grable*, 545 U.S. at 310–11; *see Empire HealthChoice*, 547 U.S. at 700 (describing *Grable* as presenting a nearly "pure issue of law"). Cases that raise substantial questions about the "validity of a federal statute" or that "challenge[ ] the functioning of a federal agency or program" may likewise satisfy this inquiry. *City of Oakland*, 969 F.3d at 905 (citation omitted).

Here, Plaintiff's complaint does not directly raise any federal causes of action. (*See* ECF No. 1-2 ¶¶ 39–56.) Further, Defendants Matthew Cote, M.D. and Palomar Emergency Physicians, Inc. do not meet their burden to prove substantiality in their opposition (ECF No. 8). *See Grable*, 545 U.S. at 310–11; *City of Oakland*, 969 F.3d at 905. Defendants Matthew Code, M.D. and Palomar Emergency Physicians, Inc. assert that adjudication of Plaintiff's claims would require the interpretation of federal law because the relevant California state law requirements for forensic sexual assault examinations were enacted to implement the federal Violence Against Women Act's ("VAWA") forensic funding requirements. (ECF No. 8 at 3:20-28.)

However, mere incorporation of federal standards in a state law cause of action is not sufficient for federal question jurisdiction. *Laughton v. Tenet Healthcare Corp.*, No. CV-15-1310-PHX DGC, 2015 WL 5611520, at *2 (D. Ariz. Sept. 23, 2015). Defendants Matthew Code, M.D. and Palomar Emergency Physicians, Inc., do not further assert, for example, that the VAWA standards are unclear and require interpretation, that Plaintiff

25cv3147

misapplies them, or that VAWA standards otherwise will require court construction to adjudicate Plaintiffs' state law claims. *See id.; see also Byrd v. Revett, LLC*, No. CV 14-215-M-DLC-JCL, 2015 WL 12780578, at *4 (D. Mont. Jan. 12, 2015), *report and recommendation adopted*, No. CV 14-215-M-DLC-JCL, 2015 WL 12780579 (D. Mont. Feb. 11, 2015) ("[I]n a negligence case, although the Mine Safety Act may assist in defining the applicable standard of conduct, both the enforceable legal duty to comply with a particular standard of conduct and the legal basis for a cognizable cause of action arise under state common law, not the Mine Safety Act").

Finding Defendants Matthew Code, M.D. and Palomar Emergency Physicians, Inc. do not meet their burden of establishing the propriety of the removal based on either subject matter or federal question jurisdiction, *Gaus*, 980 F.2d at 566, and that no other Defendants opposed Plaintiff's motion to remand, the Court **GRANTS** Plaintiff's motion to remand. (ECF No. 6).

## III.  MOTIONS TO CHANGE VENUE (ECF No. 5) AND DISMISS (ECF No. 10)

Given that the Court grants Plaintiff's motion to remand (ECF No. 6), Defendants' motions to change venue (ECF No. 5) and dismiss (ECF No. 10) are hereby **VACATED AS MOOT.**

## IV.  CONCLUSION

For the reasons discussed, the Court **GRANTS** Plaintiff's motion to remand. (ECF No. 6). Plaintiff's motion to remand (ECF No. 6), Defendants' motions to change venue (ECF No. 5) and dismiss (ECF No. 10) are hereby **VACATED AS MOOT**.

**IT IS SO ORDERED.**

**DATED: February 5, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 5 -

25cv3147