UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELIQUE KENNEY,<br><br>                              Plaintiff,<br><br>      v.<br><br>PALOMAR HEALTH *et. al*,<br><br>                              Defendants. | Case No. 25-cv-03147-BAS-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES (ECF No. 16)** |

For the reasons discussed below, the Court **DENIES** Plaintiff's motion for attorney fees.  (ECF No. 16.)

On September 24, 2025, Plaintiff filed a complaint against Defendants Palomar Health, Matthew Cote, and Palomar Emergency Physicians, Inc. ("Defendants") in the Superior Court of California, County of San Diego on September 24, 2025, raising causes of action for: (1) negligence per se based on the California Penal Code §§ 13823.5–13823.95; (2) unfair competition law (Cal. Bus. & Prof. Code § 17200); (3) failure to train or supervise under California's Sexual Assault Response Team ("SART") Program (California Penal Code §§ 13898 *et. seq*).  (*See* ECF No. 1-2 ¶¶ 39–56.)  On November 13, 2025, Defendants removed the state action to this Court.  (ECF No. 1.)  Plaintiff filed a motion to remand.  (ECF No. 6.)  The Court granted Plaintiff's motion to remand.  (ECF No. 15.)  Plaintiff now moves for attorney fees.  (ECF No. 16.)

25cv3147

28 U.S.C. § 1447 provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of attorneys' fees pursuant to 28 U.S.C. § 1447 is proper where there is no objectively reasonable basis for removing the action. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (finding defendants "had no objectively reasonable basis for removal" and that "the district court did not abuse its discretion in awarding attorney's fees under § 1447" to the plaintiff where the defendants removed the state court action under 28 U.S.C. § 1443 but the defendants "point to no formal expression of state law that prohibits them from enforcing their civil rights in state court nor do they point to anything that suggests that the state court would not enforce their civil rights in the state court proceedings.").

Removal is objectively reasonable where the relevant case law does not clearly foreclose the defendant's basis of removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). Here, Defendants removed the case based on their belief Plaintiffs' state law claims presented federal issues that fell within this Court's jurisdiction. (ECF No. 8.) More specifically, Defendants alleged Plaintiff's claims would require the interpretation of federal law because the relevant California state law requirements for forensic sexual assault examinations were enacted to implement the federal Violence Against Women Act's ("VAWA") forensic funding requirements. (ECF No. 8 at 3:20-28.)

While the Ninth Circuit has not explicitly adopted Defendants' interpretation that Plaintiff's state law claims in this action *require* interpreting VAWA, Defendants' theory has not been clearly foreclosed upon either. *See Tyson v. Fife*, No. 2:18-CV-0028-GMN-NJK, 2018 WL 3377085, at *4 (D. Nev. July 11, 2018) (finding the same where defendants attempted removal to federal court based on a theory of fraudulent misjoinder that has only been discussed in an unpublished Ninth Circuit opinion); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983) (removal is proper "where the vindication of a right under state law **necessarily** turn[s] on some construction of federal law.")(emphasis added).

25cv3147

Therefore, the Court finds that Defendant's removal was objectively reasonable and **DENIES** Plaintiff's request for attorney's fees.  (ECF No. 16.)

**IT IS SO ORDERED.**

**DATED: March 6, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

25cv3147